UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNK LABS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ACUITY BRANDS, INC., <br> ACUITY BRANDS LIGHTING, INC., <br> JUNO LIGHTING LLC, and <br> JUNO MANUFACTURING LLC, <br><br> *Defendants*. | Civil Action No.: 15-cv-04833 <br><br> Hon. Virginia M. Kendall <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMBINED MOTIONS TO REASSIGN AND CONSOLIDATE**

Plaintiff Lynk Labs, Inc. ("Lynk") moves the Court to reassign *Lynk Labs, Inc. v. Schneider Electric USA, Inc.*, Case No. 1:16-cv-04636 (the "*Schneider* case"), from the calendar of District Judge Joan B. Gottschall to that of District Judge Virginia Kendall pursuant to Local Rule 40.4, and to consolidate the *Schneider* case with the instant action (the "*Juno* case") for all purposes pursuant to 35 U.S.C. § 299, or, in the alternative, for all pretrial purposes pursuant to Federal Rule of Civil Procedure 42.

The three Defendants in the two cases are interrelated. Previously, Juno Lighting LLC and Juno Manufacturing LLC (collectively, "Juno") were wholly-owned subsidiaries of Schneider Electric USA, Inc. ("Schneider"). In December 2015, during the pendency of the instant case, Schneider sold Juno to Acuity Brands Lighting, Inc. All three Defendants are represented by the same counsel.

1

Early in this litigation, Schneider, Juno's former parent, was a named Defendant. However, based on representations from its counsel that Schneider's inclusion was in error, Lynk amended its complaint to remove Schneider. Then, over five months later, after Schneider sold Juno to Acuity Brands Lighting, Inc. (together with Acuity Brands, Inc., "Acuity"), counsel for Juno/Schneider/Acuity admitted that Schneider sold Juno products accused of infringement in this case. Despite that admission, Schneider objected to its re-addition to the instant action. Juno and Acuity, however, did not object to adding Acuity, Juno's new parent, to this action. In the interest of focusing the instant dispute, Lynk agreed to: include Juno and Acuity here; file a separate action against Schneider; and to move to consolidate the actions rather than filing a partially opposed motion for leave to amend.

Consolidation of the *Juno* and *Schneider* cases is appropriate because relief in both cases arises out of the sale of the same and similar accused products and common questions of fact and law exist among all Defendants. First, both cases allege that each defendant infringes the same claims of the same three patents. All products accused of infringement in the *Schneider* case are identical to the accused Juno products in the *Juno* case. Moreover, all of the accused Acuity products in the *Juno* case are the same in respects relevant to the asserted patents. Common issues pertaining to Lynk's infringement allegations include claim construction and validity. Second, the contract claims in both cases relate to similar improper use, by Juno and Schneider, of the same confidential information received from Lynk. Common issues pertaining to Lynk's breach of contract claims include contract validity and interpretation. Moreover, the infringement and breach of contract allegations in both cases will involve the same

2

discovery from the three interrelated Defendants, including common prior art, common evidence of damages, and common evidence of receipt and improper use of confidential information.

Consolidation here will greatly serve the interests of judicial economy and prevent inconsistent rulings. Lynk requests that the Court consolidate for trial the *Schneider* and *Juno* cases under 35 U.S.C. § 299 and/or Rule 42, or, in the alternative, consolidate them under Rule 42 for all pretrial purposes, including a common schedule, coordinated discovery, consolidated depositions, consolidated *Markman*, *Daubert*, and summary judgment proceedings, and consolidated pretrial motions and disclosures.

**I.      INTRODUCTION**

Lynk originally filed the instant action on June 1, 2015 against Juno Lighting LLC and Juno Manufacturing, Inc. alleging both parties' infringement of U.S. Patent No. 8,531,118 (the "'118 Patent"), infringement of U.S. Patent No. 8,841,855 (the "'855 Patent"), and breach of a Mutual Nondisclosure Agreement (the "MNDA"). *See* Original Compl. ¶¶ 66-107, 118-30 (Dkt No. 1). Lynk also requested correction of inventorship of two Juno patents: U.S. Patent Nos. D579,144 (the "'144 Patent") and 7,909,499 (the "'499 Patent"). *See id.* ¶¶ 108-117.

At the time of the original Complaint, Lynk was aware that Schneider was Juno's parent and had advised Juno on legal matters related to Lynk's causes of action. *See id.* ¶¶ 34, 37, 51. To further investigate Schneider's involvement, Lynk served discovery that should have in part revealed Schneider's role in Juno's misconduct. *See* Ex. A, First Req. Produc. Reqs. 28, 54, 67 (served Sep. 10, 2015) (requesting documents identifying customers of accused Juno products and relating to Schneider's receipt of Lynk's confidential information); Ex. B, Schneider Subpoena, Reqs. 6-7, 10-11, 15-16, 33-34,

3

44, 49-51, 55-60 (requesting documents related to Schneider's involvement in designing, advertising, licensing, selling, and distributing Juno products and Schneider's receipt and use of Lynk's confidential information).

Separately, on September 28, 2015, Lynk added Schneider as a named defendant in the instant action. The First Amended Complaint: (1) requested correction of another patent – U.S. Patent No. 9,121,597 (the "'597 Patent") – whose assignee was Juno's parent, Schneider; (2) added Schneider as a named defendant; and (3) corrected the names of defendant Juno entities. *See generally* First Am. Compl. (Dkt No. 51). Shortly thereafter, counsel for Juno/Acuity/Schneider (whose counsel is the same) notified Lynk that assignment of the '597 Patent to Schneider was in error, and that Juno in fact owned the '597 Patent. *See* Ex. C, Email B. Bradford to J. Shimota (Oct. 7, 2015) (counsel for Juno/Acuity/Schneider delivering quit claim). On October 9, 2015, to account for Juno and Schneider's error, Lynk filed a Second Amended Complaint removing Schneider from the instant action. *See* Second Am. Compl. ¶¶ 2-8, 122-25 (Dkt No. 60).

In December 2015, news of the impending sale of Juno made it clear the parties would again reconsider the parties and allegations in the instant action (e.g., would Juno exist after the sale?).[1] Juno was to be sold to Acuity Brands Lighting, Inc. Discussions commenced between counsel for Lynk and counsel for Juno/Acuity/Schneider concerning the addition of Schneider and Acuity as defendants, as well as the potential assertion of another Lynk patent, U.S. Patent No. 8,148,905 (the "'905 Patent"), against all Defendants. *See* Jt. Mot. Modify Sched. ¶ 5 (Dkt No. 108). During the discussions,

---

[1] Juno apparently no longer exists. *See* Mem. Supp. Mot. Prot. Order (Dkt No. 113) ("Acuity has now merged the Juno business into Acuity Brands Lighting, LLC, and Juno Lighting, LLC is no longer a separate operating company.").

4

counsel for Juno/Acuity/Schneider disclosed new information regarding Schneider's involvement in the instant action: Schneider purchased and sold accused Juno products. *See id.* ¶ 5; Ex. D, Email B. Tilghman to B. Bradford (May 13, 2016). The revelation was made during a meet and confer on March 10, 2016, six months after Lynk first served discovery related to just such conduct, and over five months after Lynk agreed to remove Schneider from the Second Amended Complaint.[2] Notwithstanding Schneider's sale of accused Juno products and its status as Juno's former parent-owner, all Defendants objected to adding Schneider to the instant action. Juno and Acuity did not object to the addition of Acuity and the '905 Patent. *See* Dkt No. 108 ¶ 7.

To avoid delay in the instant action and focus the issues, Lynk proposed a way to avoid dispute over the filing of the Third Amended Complaint: filing and consolidating two separate actions. First, an unopposed Third Amended Complaint in the instant action joining Acuity and asserting the '905 Patent. Second, a new action against Schneider. Juno and Acuity agreed to the amendments in the Juno case while Schneider continued to object to the filing of a separate complaint against it. *See id.* ¶¶ 6, 8.

Accordingly, on April 25 and 26, 2016, respectively, Lynk filed the Complaint in the *Schneider* case and the Third Amended Complaint in this action. On June 1, 2016, Lynk filed a First Amended Complaint in the *Schneider* case. Ex. E, Schneider First Am. Compl. The Third Amended Complaint in the instant case (Dkt No. 107) and the First Amended Complaint in the *Schneider* case allege:

- infringement of the '118, '855, and '905 Patents, by Juno in the *Juno* case and Schneider in the *Schneider* case, with the same Juno-branded products

---

[2] Schneider's only production pursuant to the subpoena came on December 14, 2015, a day before the sale of Juno. None of the documents relate to Schneider's purchase or sale of accused Juno products.

5

(*compare* Dkt No. 107 ¶¶ 84-117 *with* Ex. E ¶¶ 70-106; Dkt No. 107 ¶¶ 145-52 *with* Ex. E ¶¶ 107-114; Dkt No. 107 ¶¶ 161-84 *with* Ex. E ¶¶ 115-141);

- breach, by Juno in the *Juno* case and Schneider in the *Schneider* case, of the MNDA (*compare* Dkt No. 107 ¶¶ 199-213 *with* Ex. E ¶¶ 142-151).

The Third Amended Complaint in the *Juno* case additionally alleges:

- Acuity's[3] infringement of the '118 Patent with Lithonia- and Hydrel-branded products and of the '855 Patent with Lithonia-branded products (*see* Dkt No. 107 ¶¶ 118-44, 153-60); and

- correction of inventorship of Juno's '144, '499, and '597 Patents (*see id.* ¶¶ 185-98).

The First Amended Complaint in the *Schneider* case additionally alleges Schneider's fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. *See* Ex. E ¶¶ 152-176.

## II. MOTION TO CONSOLIDATE THE *SCHNEIDER* AND *JUNO* CASES

### A. Legal Background

Consolidation for trial of infringement actions is governed by 35 U.S.C. § 299:

(a) With respect to any civil action arising under any Act of Congress relating to patents…parties that are accused infringers may…have their actions consolidated for trial, only if—

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the U.S., offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants will arise in the action.

Consolidation of pretrial proceedings is governed by Federal Rule of Civil Procedure 42. *See, e.g., Unified Messaging Sols., LLC v. United Online, Inc.*, 2013 WL 1874211, at *7 (N.D. Ill. May 3, 2013). It is permitted "[i]f actions before the court

---

[3] Again, Acuity's inclusion in the instant action is not disputed by counsel for Juno/Acuity/Schneider. *See* Dkt No. 108 ¶¶ 5-6.

6

involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). It is proper where no undue prejudice exists as to any party and it will promote judicial efficiency and prevent inconsistent rulings. *Unified Messaging*, 2013 WL 1874211, at *4.[4] Courts enjoy broad discretion in determining whether to consolidate cases. *Id.* at *4.

### B. The Court Should Consolidate the *Schneider* and *Juno* Cases For Trial, Or, In the Alternative, Consolidate for All Pretrial Purposes.

#### 1. The Court Should Consolidate for Trial.

Consolidation of both cases for trial is proper because the actions meet both requirements of Section 299: The relief requested in both cases arises out of the "same transaction" or "series of transactions" relating to infringement by "the same accused product" and questions of fact common to all Defendants will arise in both cases.

First, relief arises out of the same transaction or occurrence where "the facts underlying the claim of infringement asserted against each defendant share an aggregative of operative facts." *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) (interpreting Fed. R. Civ. P. 20)[5]. Here, the alleged infringement stems from Juno and Schneider's business relationship and offer and sale of the same accused products. *See MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 661 n.8 (S.D. Miss. 2013). Schneider, at the time it was Juno's parent, offered for sale and sold accused Juno products pursuant to a business arrangement. *See, e.g.*, Ex. E ¶¶ 92, 127; Dkt No. 107 ¶¶ 104, 171. The offer for sale and sale of those products from Juno to Schneider constitutes

---

[4] Alternatively, the Court may consolidate pursuant to Rule 42, as Juno and Schneider's breach of the MDNA involve common issues of law and fact. *See* Sections (II)(B), *infra*.
[5] Although Rule 20 is not at issue here, *In re EMC* is illustrative of the Federal Circuit's interpretation of Section 299. *In re EMC*, decided after enactment of the AIA, incorporated the requirements of Section 299 into Rule 20 and interpreted them in the context of patent infringement actions. Accordingly, courts look to *In re EMC* for guidance interpreting Section 299. *See, e.g.*, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, 2015 WL 137419, at *2 (E.D. Tex. Jan. 9, 2015).

the same transaction. Schneider's sale of the accused Juno products in an ongoing relationship with Juno is a series of related transactions. *See MGT Gaming*, 978 F. Supp. 2d at 660-601.

Second, pursuant to Section 299(a)(1), the same transactions or occurrences in both cases relate to the "same accused product or process." A transaction or occurrence relates to the same accused product or process where the products are "the same in respects relevant to the patent." *In re EMC Corp.*, 677 F.3d at 1359. Here, all products accused of infringement in the *Schneider* case are also accused products of Juno in the *Juno* case. Compare Dkt No. 107 ¶¶ 84-117, 145-52, 161-84 *with* Ex. E ¶¶ 70-106, 107-114, 115-141. Moreover, the same claims of the same patents are asserted against those overlapping products. Compare Dkt No. 107 ¶¶ 99, 149, 165 *with* Ex. E ¶¶ 85, 111, 119.

That the accused products sold by Juno and Schneider are **identical** strongly counsels in favor of consolidation. *See Raz Imports, Inc. v. Luminara Worldwide, LLC*, 2015 WL 6692107, at *6 (N.D. Tex. Nov. 3, 2015). Moreover, the accused Schneider products are also the same, in respects relevant to the patents, to the Acuity products accused in the *Juno* case. In both cases, the '118 Patent is asserted against lighting systems driven by AC electronic drivers and incorporating one or more LED circuits and compatible fixtures. Compare Dkt No. 107 ¶¶ 118-144 *with* Ex. E ¶¶ 70-106. The '855 Patent is also asserted against products of Schneider and Acuity that are the same in respects relevant to the patent: they are AC-driven lighting systems in which LED's in the lighting module are packaged to the dimensions specified in the one independent claim in the '855 Patent. Compare Dkt No. 107 ¶¶ 153-160 *with* Ex. E ¶¶ 107-114.

Second, questions of fact common to all Defendants will arise in the actions. Lynk is asserting three patents against identical products of Juno and Schneider, which are also the same as the accused Acuity products in respects relevant to the patents. *See Pactiv Corp. v. Multisorb Techs., Inc.*, 2011 U.S. Dist. LEXIS 15991, at *6-10 (N.D. Ill. Feb. 15, 2011). For this reason, the same or substantially the same discovery will be sought from Defendants. *See Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 32-33 (N.D. Ill. 1980). Moreover, Juno was, at all times relevant to this litigation until December 2015, Schneider's wholly-owned subsidiary. Since December 2015, Juno has been Acuity's wholly-owned subsidiary. These former and current relationships compound the already substantial similarity of discovery issues. For example, Amy Huntington, identified by Juno as someone likely to have discoverable information, was CEO and President of Juno and Schneider entities at times relevant to this litigation. *See* Ex. F, Defs.' Init. Disclos. at (I)(1); Ex. G, Huntington LinkedIn Profile (last visited May 31, 2016). Other Schneider employees also have discoverable information relevant to both cases. *See, e.g.*, Ex. H, Pl.'s Rule 26(A)(1) Init. Disclos. at ¶¶ 10, 14, 23-27 (identifying Schneider and its employees as possibly having discoverable information).

Additionally, a determination regarding obviousness of claims in the asserted patents is dependent on common factual determinations including the scope and content of the prior art and the differences between the claims and the prior art. *See, e.g.*, *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1349 (Fed. Cir. 2001). Given the same counsel is representing all Defendants against assertion of the same patents against products that are effectively the same, the prior art in each case will be substantially, if not exactly, the same. *See, e.g.*, *Magnavox*, 496 F. Supp. at 33.

Determination of infringement damages will also involve common questions of fact. All accused products sold by Schneider were sold by Juno. Moreover, the accused products in the *Schneider* case were originally sold from Juno to Schneider. Additionally, the sale of Juno from Schneider to Acuity is highly relevant to damages, insofar as the value of Juno is attributable to its sale of infringing products and products incorporating Lynk's confidential information.[6]

The breach of contract, correction of inventorship, fraud, and misrepresentation claims also involve questions of fact common to both Juno and Schneider. Juno and Schneider are accused of receiving the same confidential information from Lynk and breaching the MNDA by utilizing such information in the same Juno-branded products. *Compare* Dkt No. 107 ¶¶ 199-213 *with* Ex. E ¶¶ 142-151. As admitted by Juno, Schneider and Juno employees both attended meetings at which Lynk's confidential information was disclosed. *See* Ex. I, Supp. Answers. Interrog. 4. Schneider and Juno employees also received the same documents containing Lynk's confidential information. *See* Ex. J, Resp. Revis. Interrog. 4(m)(i) (identifying Juno and Schneider and employees); *see also* Resp. Revis. Interrog. 4(o)(i) (same). Receipt by Schneider of such confidential information was induced by its false representations that it was a party to the MNDA and the resulting incorporation of such information in Juno products damaged Lynk. *See* Ex. E ¶¶ 152-76. Moreover, Lynk alleges in the *Schneider* case that confidential information was incorporated, under the direction of Schneider's legal department, in Juno's '144,

---

[6] Various factual considerations also weigh in favor of consolidation for trial. Regarding Schneider and Juno: the alleged acts of infringement took place during the same time period throughout the course of the Juno-Schneider relationship; Juno, during that time, was Schneider's wholly-owned subsidiary; and the products sold by Schneider were identical to those sold by Juno. *See In re EMC*, 677 F.3d 1359-60 (listing pertinent factual considerations).

'499, and '597 Patents, for which Lynk is seeking correction of inventorship in the *Juno* case. *See* Ex. E ¶¶ 44, 47, 49; Dkt No. 107 ¶¶ 185-98.

### 2. Alternatively, the Court should consolidate the *Schneider* and *Juno* cases for all pretrial purposes.

Consolidation for all pretrial purposes is proper because they involve common questions of law and fact, consolidation will promote judicial efficiency and prevent inconsistent rulings, and consolidation will not cause undue prejudice to any party.

The *Schneider* and *Juno* cases involve common questions of law and fact. Rule 42(a) permits consolidation of cases that involve "a common issue of law or fact[.]" First, as described in Section (II)(B)(1), *supra*, both cases involve common questions of fact. Second, the infringement allegations also involve common questions of law, including claim construction, validity determinations, and obviousness determinations. Because the cases involve assertion of the same patents against substantially similar accused products, interpretation of claim elements is likely to significantly, if not entirely, overlap. Validity and obviousness of the patents is also common to both cases. *See McGinley*, 262 F.3d at 1349 (obviousness ultimately a legal determination). Third, common questions of law will also arise concerning the claims for Juno and Schneider's alleged breach of the MNDA, including the validity of the MNDA and interpretation of its terms (e.g., determinations of confidentiality of information disclosed by Lynk).

Consolidation will promote judicial efficiency and prevent inconsistent rulings. First, consolidation will prevent inconsistent claim construction rulings. As described in Section (II)(B)(1), *supra*, both cases involve interpretation of the same asserted claims against identical or effectively identical products. The disputed terms of each asserted patent will likely be coextensive in both cases, and consolidation will avoid inconsistent

rulings. Second, consolidation will promote party, judicial, and witness convenience regarding discovery issues. *See Cima Labs*, *Inc. v. Actavis Grp. HF*, 2007 U.S. Dist. LEXIS 41516, at *21-22 (D. N.J. June 7, 2007). Testimony from parties, inventors, and third party witnesses involve common questions of fact. *Pactiv*, 2011 U.S. Dist. LEXIS 15991, at *3; *see Magnavox*, 496 F. Supp. at 33. For example, Amy Huntington, identified by Juno as someone likely with discoverable information, was CEO and President of both Juno and Schneider entities, possibly at the same time, at times relevant to this litigation. To twice depose her is a waste of time and resources of both parties and Ms. Huntington. Third, discovery disputes can be resolved at once for all parties. Disputes over protective orders, relevance, and privilege are amenable to collective resolution because of Juno's former status as Schneider's subsidiary, and current status as Acuity's wholly-owned subsidiary.[7] Similarly, issues arising regarding interrogatories or during depositions can be resolved with input from all parties. Consolidation will streamline disputes and prevent duplicative discovery proceedings across the cases. *Otter Prods. LLC*, *v. Treefrog Devs., Inc.,* 2013 U.S. Dist. LEXIS 16666, at *6-8 (D. Colo. Feb. 7, 2013); *Pactiv*, 2011 U.S. Dist. LEXIS 15991, at *6-10. Fourth, consolidation will prevent inconsistent obviousness determinations. As explained in Section (II)(B) above, obviousness determinations in both cases involve common questions of law and fact.

Consolidation will not cause undue prejudice to any party. The operative Complaints in this action and the *Schneider* case were filed on April 26, 2016 and June 1, 2016, respectively, and the case schedule in this action was modified so that proceedings

---

[7] Indeed, a dispute amenable to collective resolution has already arisen. *See* Mem. Supp. Defs.' Mot. Prot. Order (Dkt No. 113) (requesting protective order for document containing allegedly confidential information of Juno, Acuity, and Schneider).

began anew on April 26, 2016. *See* Order Case Schedule (Dkt No. 110). No responsive pleading has been filed in the *Schneider* case. Therefore, the schedules of both cases are closely aligned. *See Lay v. Spectrum Clubs, Inc.*, 2013 U.S. Dist. LEXIS 28275, at *7-9 (W.D. Tex. Mar. 1, 2013) (permitting consolidation where "discovery [was] still in its early stages"). Moreover, Schneider has been involved in and prepared for this litigation for quite some time. Counsel for all Defendants is the same and, in September 2015, Schneider was a named party in the *Juno* case. Moreover, Schneider participated in argument in the *Juno* case regarding Lynk's motion to compel Schneider's production of documents pursuant to a subpoena served on Schneider. *See* Dkt Entry (Dkt No. 87).

### III.   MOTION TO REASSIGN THE *SCHNEIDER* CASE

#### A.   Legal Background

Local Rule 40.4 permits a later-filed case to be reassigned to the calendar of a judge before whom an earlier-filed case is pending. Reassignment requires (1) that the cases are "related" and (2) that reassignment promote efficient use of judicial resources.[8] *21 srl v. Enable Holdings, Inc.*, 2009 WL 4884177, at *1 (N.D. Ill. Dec. 9, 2009).

Two or more civil cases may be related if one or more of the following are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. N.D. Ill. L.R. 40.4(a). If a case is found related, it may be reassigned if: (1) both cases are

---

[8] Local Rule 40.4(c) states that motions for reassignment "should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved[,]" because all parties should "be permitted to respond". That is not a concern here. Lynk and Schneider have been in communication since at least October 5, 2015, and the same counsel represents all Defendants. *See Enable Holdings*, at *3-4 (granting motion to reassign even though Defendant in later-filed case had not yet answered Plaintiff's complaint).

13

pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. N.D. Ill. L.R. 40.4(b)(1)-(4).

### B. The Court Should Reassign the *Schneider* Case

#### 1. The *Schneider* and *Juno* cases are related.

The cases are related because they meet criteria (1), (2), and (3) of Local Rule 40.4(a). First, both cases involve the same property: All patents are asserted against each Defendant. Second, both cases involve many of the same issues of fact and law. *See* Section (II)(B), *supra*. Third, both cases grow from the same transaction or occurrence: the sale of accused products by each Defendant that are either identical or the same in respects relevant to the patents, and breaches of the same MNDA by Schneider and Juno by utilizing similar confidential information. *See* Section (II)(B), *supra*.

#### 2. All four criteria under Local Rule 40.4(b) are satisfied.

First, both cases are pending in this District as, respectively, Case Nos. 16-cv-04636 and 15-cv-04833. Second, the handling of both cases by this Court will result in a substantial saving of judicial time and effort. *Juno* and *Schneider* involve simultaneous assertion of the same technology for similar alleged acts of infringement by related parties. *See Enable Holdings*, 2009 WL 4884177, at *2. Moreover, the breach of contract claims in the *Schneider* case concern use of confidential information all of which is also allegedly improperly used by Juno in the *Juno* case. *Compare* Dkt No. 107 ¶¶ 199-213 *with* Ex. E ¶¶ 142-151. Third, reassignment would not substantially delay proceedings in either case. The schedules of both cases are already almost aligned. *See*

14

Section (II)(B)(2), *supra*; *Enable Holdings*, 2009 WL 4884177, at *3 (reassigning even though "deadlines for serving initial [] contentions have passed"). Fourth, both cases are susceptible to disposition in a single proceeding. This Court can handle issues such as claim construction, summary judgment, and trial together. *See id.*; Section (II)(B), *supra*.

### IV. CONCLUSION

Lynk requests that the Court reassign *Lynk Labs, Inc. v. Schneider Electric USA, Inc.*, Case No. 1:16-cv-04636, from the calendar of District Judge Joan B. Gottschall to that of District Judge Virginia Kendall pursuant to Local Rule 40.4, and consolidate it with the instant action for all purposes pursuant to 35 U.S.C. § 299, or, alternatively, for all pretrial purposes, including common schedules, coordinated discovery, consolidated depositions, consolidated *Markman*, *Daubert*, and summary judgment proceedings, and consolidated pretrial motions and disclosures pursuant to Rule 42.

Dated: June 1, 2016                    Respectfully submitted,

                                       */s/ James A. Shimota*
                                       James A. Shimota

                                       James A. Shimota (IL Bar No. 6270603)
                                       Aaron C. Taggart (IL Bar No. 6302068)
                                       Braden J. Tilghman (IL Bar No. 6314143)
                                       **HAYNES AND BOONE, LLP**
                                       180 North LaSalle Street, Suite 2215
                                       Chicago, Illinois 60601
                                       Telephone: 312-216-1620
                                       Facsimile: 312-216-1621
                                       Jim.Shimota@haynesboone.com
                                       Aaron.Taggart@haynesboone.com
                                       Braden.Tilghman@haynesboone.com

                                       ***Counsel for Plaintiff Lynk Labs, Inc.***

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 1, 2016, by electronic filing to:

Benjamin J. Bradford
Lisa M. Schoedel
Michael G. Babbitt
Reginald J. Hill
**JENNER & BLOCK LLP**
353 N. Clark St.
Chicago, Illinois 60654
bbradford@jenner.com
lschoedel@jenner.com
mbabbitt@jenner.com
rhill@jenner.com

*Counsel for Defendants*

                                                  */s/  James. A. Shimota*